UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT MARTIN JR., <br><br> Plaintiff, <br> v. <br> WASHOE COUNTY SHERIFF'S OFFICE, et al., <br><br> Defendants. | Case No. 3:25-cv-00361-ART-CLB <br><br> ORDER |

Plaintiff Scott Martin Jr. brings this action to proceed under 42 U.S.C. § 1983 against Defendants Washoe County Sheriff's Office ("WSCO"), Washoe County District Attorney's Office, Second Judicial Courthouse, and Reno Police Department ("RPD"), (collectively, "Defendants") for false arrest, false imprisonment, and cruel and unusual punishment after an arrest for battery on a pregnant person that occurred sometime between 2022 and 2023. (ECF No. 1-1.)

Before the Court is Mr. Martin's application to proceed *in forma pauperis* ("IFP") (ECF No. 6), and *pro se* civil rights complaint (ECF No. 1-1). Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") recommending that Mr. Martin's application to proceed IFP be granted, but that is complaint be dismissed with leave to amend and that his claims against the Second Judicial Courthouse be dismissed with prejudice. (ECF No. 7.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

I.   **LEGAL STANDARD**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's

1

report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 7.)

## II.     ANALYSIS

The magistrate judge recommends dismissal of Mr. Martin's complaint because he fails to state essential elements of his claim for *Monell* liability, false arrest, and cruel and unusual punishment against each of the named Defendants. (ECF No. 7.) The Court agrees with the magistrate judge's reasoning and adopts her R&R in full.

If Mr. Martin chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Mr. Martin should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the Defendant violated his rights.

## III.    CONCLUSION

It is therefore ordered that Mr. Martin's application to proceed *in forma pauperis*, (ECF No. 6) is GRANTED.

It is further ordered that the Clerk FILE the complaint, (ECF No. 1-1) but not issue summons at this time.

1       It is further ordered that the complaint be DISMISSED without prejudice and with leave to amend.

2       It is further ordered that the Second Judicial Courthouse be dismissed with prejudice.

3       It is further ordered that if Mr. Martin chooses to file an amended complaint curing the deficiencies of his original complaint, Mr. Martin shall file the amended complaint by November 2, 2024.

4       It is further ordered that if Mr. Martin chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be DISMISSED for failure to state a claim.

Dated this 2nd day of October, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3