**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ORLANDO SCOTT MARTIN, JR.,

Plaintiff,

v.

WASHOE COUNTY SHERIFF'S OFFICE, *et al.*,

Defendants.

Case No. 3:25-CV-00361-ART-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

## I.    BACKGROUND

On July 16, 2025, proceeding *in forma pauperis* and *pro se*, Plaintiff Orlando Scott Martin, Jr. ("Martin") initiated this action against Defendants Washoe County Sheriff's Office ("WCSO"), Washoe County District Attorney's Office ("WCDA"), and the Reno Police Department ("RPD") (collectively referred to as "Defendants") for alleged civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) This Court screened the complaint, (ECF Nos. 7, 8), and dismissed Martin's claims without prejudice and with leave to amend because Martin failed to properly allege *Monell* liability against WCSO and RPD, and failed to properly assert claims for false arrest and false imprisonment.[2] Martin was expressly put on notice of the deficiencies of his complaint and given the opportunity to amend his complaint to properly assert his claims.

Martin filed a first amended *pro se* civil rights complaint that suffered from the same deficiencies as his original complaint. (ECF No. 10.) The Court therefore recommended, again, that Martin's complaint be dismissed with leave to amend to correct the deficiencies now twice identified by the Court. (ECF No. 11.) However, before the District

---

[1]    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    The Court also dismissed the Second Judicial Courthouse, which was named as a Defendant, from this case with prejudice. (ECF Nos. 7, 8.)

Judge ruled on the Court's recommendation Martin filed a second amended *pro se* civil rights complaint. (ECF No. 12.) In the interest of judicial efficiency, the Court withdrew its previous recommendation, (ECF No. 13), so Martin's second amended complaint could be screened. The Court now screens Martin's second amended complaint pursuant to 28 U.S.C. § 1915A.

II.     **SCREENING STANDARD**

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

2

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

III.    SCREENING OF COMPLAINT

In his second amended complaint ("SAC"), Martin sues Defendants under 42 U.S.C. § 1983. (*See* ECF No. 12.) Martin alleges that sometime in 2022, he was arrested for battery on a pregnant person without probable cause and that RPD officers searched him without his consent. (*Id.* at 6.) Martin further alleges that based on his arrest he served about five days in jail at the WCSO where he was strip searched without legal justification, and that he was improperly put on court ordered supervision by the WCDA's office. (*Id.* at 5.) Based on these allegations, Martin asserts claims for violations of his Fourth, Eighth, and Fourteenth Amendment rights. (*Id.* at 3.) Martin is seeking monetary relief of "one million dollars." (*Id.* at 6.)

3

### A.    WCSO and RPD as Defendants

Martin's SAC suffers from the same deficiencies as his first amended complaint and his original complaint. In this case, it appears Martin intends to name WCSO and RPD in connection with the alleged illegal imprisonment/arrest claim. The United States Supreme Court held in *Monell v. Department of Social Services of the City of New York* that a municipal entity like WCSO and RPD can only be held liable for the constitutional violations of an officer if the violations occurred because the officer was carrying out a municipal policy or custom. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690). But Martin does not contend that the WCSO or RPD officers who allegedly illegally arrested him were implementing a policy or custom. Nor does Martin name the specific officers responsible for the illegal arrest. Martin simply reasserts the same claims the Court previously advised him were insufficient to state a claim.

The Court has twice advised Martin of what he needs to allege in his complaint to properly state a claim, yet he continues to reassert the same allegations the Court previously found to be insufficient. Accordingly, the Court recommends RPD and WCSO be dismissed without leave to amend because amendment would be futile. *See Hunter v. U.S. Dep't of Educ.*, 115 F.4th 955, 971 (9th Cir. 2024) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018))).

### B.    Washoe County District Attorney's Office

Next, Martin names the WCDA's office as a defendant for putting him on court ordered supervision similar to probation for months at a time. (ECF No. 12 at 5.) "It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are "'intimately associated with the judicial phase of the criminal process.'" *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). It appears Martin is attempting to sue the district attorney assigned to his case for requesting Martin be placed on some form of monitoring

as a bail condition. However, requesting a particular bail condition is a traditional prosecutorial function and is protected by absolute immunity. *See Cruz v. Kauai County*, 279 F.3d 1064, 1067 n.3 (9th Cir. 2002) (citing *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (noting that "actions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity")); *see also Burns v. County of King*, 883 F.2d 819, 823-24 (9th Cir. 1989) (noting amendment of complaint to add prosecutor who relied on perjured testimony in bail hearing was futile because prosecutor was entitled to absolute immunity).

Accordingly, because the prosecutor in Martin's case would be entitled to absolute immunity, the Court recommends WCDA be dismissed with prejudice.

**IV.    CONCLUSION**

For the reasons stated above, the Court recommends that Martin's SAC, (ECF No. 12), as to Defendants RPD and WCSO be dismissed without prejudice and without leave to amend. Martin is advised that should he develop sufficient facts to state a claim against RPD or WCSO he will be required to file a new lawsuit with a new case number; he may not file additional papers in this case. Furthermore, the Court recommends Defendant WCDA be dismissed with prejudice.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Second Amended Complaint, (ECF No. 12), as to Defendants Reno Police Department and Washoe County Sheriff's Office be **DISMISSED, WITHOUT PREJUDICE, AND WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that the Second Amended Complaint, (ECF No. 12), as to Defendant Washoe County District Attorney's Office be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** and **CLOSE** this case.

**DATED**: _December 18, 2025_

_____
**UNITED STATES MAGISTRATE JUDGE**

6