UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SCOTT MARTIN JR.,

Plaintiff,

v.

WASHOE COUNTY SHERIFF'S OFFICE, et al.,

Defendants.

Case No. 3:25-cv-00361-ART-CLB

ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 14)

Plaintiff Scott Martin Jr. brings this action to proceed under 42 U.S.C. § 1983 against Defendants Washoe County Sheriff's Office ("WSCO"), Washoe County District Attorney's Office, Second Judicial Courthouse, and Reno Police Department ("RPD"), (collectively, "Defendants") for false arrest, false imprisonment, and cruel and unusual punishment after an arrest for battery on a pregnant person that occurred sometime between 2022 and 2023. (ECF No. 12.)

Before the Court is Mr. Martin's second amended *pro se* civil rights complaint (ECF No. 12). Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") recommending Mr. Martin's complaint be dismissed. (ECF No. 14.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

I.    BACKGROUND

The Court adopts the background described by the magistrate judge. On July 16, 2025, proceeding in forma pauperis and pro se, Plaintiff Orlando Scott Martin, Jr. ("Martin") initiated this action against Defendants Washoe County Sheriff's Office ("WCSO"), Washoe County District Attorney's Office ("WCDA"), and the Reno Police Department ("RPD") (collectively referred to as "Defendants") for

1

alleged civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) This Court screened the complaint, (ECF Nos. 7, 8), and dismissed Mr. Martin's claims without prejudice and with leave to amend because Mr. Martin failed to properly allege *Monell* liability against WCSO and RPD, and failed to properly assert claims for false arrest and false imprisonment. Mr. Martin was expressly put on notice of the deficiencies of his complaint and given the opportunity to amend his complaint to properly assert his claims.

Mr. Martin filed a first amended pro se civil rights complaint that suffered from the same deficiencies as his original complaint. (ECF No. 10.) The Court therefore recommended, again, that Martin's complaint be dismissed with leave to amend to correct the deficiencies now twice identified by the Court. (ECF No. 11.) Before the Court ruled on the recommendation, Mr. Martin filed a second amended *pro se* civil rights complaint (ECF No. 12.) The magistrate judge withdrew her previous recommendation (ECF No. 13) so Mr. Martin's second amended complaint could be screened.

## II.    LEGAL STANDARD

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Plaintiff has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 14.)

## III.    ANALYSIS

The magistrate judge recommends dismissal of Mr. Martin's complaint

because he again fails to state essential elements of his claim for *Monell* liability, false arrest, and cruel and unusual punishment against each of the named Defendants. (ECF No. 14.) Additionally, it appears that Mr. Martin is attempting to sue the district attorney assigned to his case by naming the Washoe County District Attorney's Office, who enjoys absolute immunity for prosecutorial functions. (*Id.*) Finally, the magistrate judge recommends dismissal with prejudice because the Court has twice advised Mr. Martin of what he needs to allege in his complaint, and he continues to reassert the same allegations that were found to be insufficient. (*Id.*) The Court agrees with the magistrate judge's reasoning and adopts her R&R in full.

**IV.   CONCLUSION**

It is therefore ordered that the Second Amended Complaint (ECF No. 12), as to Defendants Reno Police Department and Washoe County Sheriff's Office be DISMISSED without prejudice and without leave to amend.

It is further ordered that the Second Amended Complaint (ECF No. 12) as to Defendant Washoe County District Attorney's Office be DISMISSED with prejudice.

It is further kindly ordered that the Clerk enter judgement and CLOSE this case.

Dated this 13th day of January, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE